**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERROL H. DENOBREGA,<br><br>Plaintiff,<br><br>v.<br><br>SPORT-ELLE, INC.,<br><br>Defendant. | Civil Action No. 14 -2786 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Sport-Elle, Inc. ("Defendant")'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss, ECF No. 23). The Court has considered the Parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted.

**I. BACKGROUND AND PROCEDURAL HISTORY**

This case stems from an injury that Plaintiff Errol H. DeNobrega ("Plaintiff") sustained to his left hand in a workplace accident in the Defendant's shipping department in July 2010. (Pl. Compl. ECF No. 2 at 5, 13; Def. Mot. for Summ. J., ECF No 23.4 at 2). Plaintiff alleges that he broke his hand in six different places. (Pl. Compl. ECF No. 2 at 5). Plaintiff also alleges that he underwent several surgeries to remedy his injury. (*Id.*). According to Plaintiff, he was ordered

by his physician to perform only "light work," and he continues to suffer severe pain in his hand. (*Id.*).

Due to his injury, Plaintiff alleges that he was out of work from July 2010 until May 2011. (Pl. Compl. ECF No. 2 at 13). After returning to work on May 2011, Defendant allowed Plaintiff to perform light clerical work in Defendant's office. (*Id.*). Plaintiff alleges that shortly after his return to work, Defendant reassigned Plaintiff from light clerical work to heavy lifting in the warehouse, which caused the Plaintiff severe pain. (*Id.* at 15). Plaintiff states that he "repeatedly complained" about being reassigned to warehouse work. (*Id.* at 14). Five months thereafter, Plaintiff was selected for lay-off along with other workers. (*Id.* at 16, Def. Mot. for Summ. J., ECF No 23.4 at 3). Plaintiff claims that the following week, Defendant rehired all of the workers that were laid off, except for him and another worker who was going to retire soon. (Pl. Compl. ECF No. 2 at 2, 14). Plaintiff alleges that his termination was in retaliation for his complaints about being reassigned to warehouse work and that he was unfairly discriminated against because of his disabilities in violation of Title I of the ADA. (*Id.* at 15).

On September 26, 2012, Plaintiff filed a complaint alleging discrimination in violation of Title I of the ADA with the E.E.O.C. (*Id.*) On August 13, 2013, the E.E.O.C. issued a letter to Plaintiff informing him that it could not conclude that he had demonstrated a violation of federal law as enforced by the E.E.O.C., and including notice of his Right to Sue. (*Id.* at 8). On November 6, 2013, Plaintiff filed a *pro se* complaint *in forma pauperis* with the Federal District court in the Southern District of New York. (Compl. ECF No. 2). On April 25, 2014, this case was transferred, upon consent of the parties, to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a).

## II. LEGAL STANDARD

When considering a complaint from a *pro se* plaintiff proceeding *in forma pauperis*, the Court must screen the complaint to determine if it states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain: (1) "a short and plain statement of the grounds of the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for relief sought . . . ." Fed. R. Civ. P. 8(a). Relatedly, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In screening a *pro se* complaint, the court must construe the complaint liberally, holding it "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must also "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 299 F.3d 683, 688 (3d Cir. 2002)).

In determining whether a complaint should survive a Rule 12(b)(6) motion, the Court must "accept as true all of the [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted). A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Id.* (citations omitted). However, the court need not credit the complaint's "bald assertions" or "legal conclusions." *Id.* (citations omitted).

3

In considering complaints, the Third Circuit has adopted a liberal approach to the amendment of pleadings, but leave to amend should not be permitted if amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997)).

### III. DISCUSSION

Plaintiff alleges that the Defendant violated Title I of the ADA by failing to provide an accommodation for his disability and by discharging him on the basis of his disability. (Pl. Compl. ECF No. 2 at 5, 13-15). Title I of the ADA provides:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). "In order to make out a prima facie case of disability discrimination under the ADA, [a plaintiff] must establish that [he] (1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006) (citations omitted).

Here, the Plaintiff sufficiently alleges that he has suffered a disability. A disability is a "(A) physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). A major life activity includes, but is not limited to, "caring for oneself, performing manual tasks . . . lifting . . . ." 42 U.S.C. § 12102(2)(A). In his complaint, Plaintiff alleges that he was substantially limited in performing the manual task of heavy lifting because it caused him severe pain. (Pl. Compl. ECF No. 2 at 5,

14). Limited ability to perform manual tasks and lifting is considered a disability under the ADA because it limits at least one of the specified major life activities named by the statute.

However, it is unclear from Plaintiff's Complaint that he is a "qualified individual." In determining whether a person is a qualified individual, the EEOC regulations divide the inquiry into two parts: "(1) whether the individual has the requisite skill, experience, education, and other job-related requirements of the position sought, and (2) whether the individual, with or without reasonable accommodation, can perform the essential functions of that position." *Buskirk v. Apollo Metals*, 307 F.3d 160, 168 (3d Cir. 2002) (quoting 29 C.F.R. § 1630.2(m)); *see also* 42 U.S.C. § 12111(8); *Turner*, 440 F.3d at 611. In general, "essential functions" are "the fundamental job duties of the employment position the individual with a disability holds or desires. The term . . . does not include the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1).[1] In his complaint, Plaintiff establishes that he was employed in Defendant's shipping department and that his duties involved strenuous physical labor, including the moving of heavy pallets. (Pl. Compl. ECF No. 2 at 14). However, Plaintiff fails to allege that he can perform the essential functions of that position with or without reasonable accommodation, which is required in order to allege that he is a qualified individual under the ADA. *See* 42 U.S.C. § 12111(8); *see also Turner*, 440 F.3d at 611.

Separately, it is unclear from the Plaintiff's complaint that his reassignment to light clerical work was a required reasonable accommodation under the ADA. The ADA provides that reasonable accommodations include, amongst other things, "job restricting, part-time or modified work schedules, reassignment to a vacant position, [and] acquisition or modification of

---

[1] To determine the essential functions of an employment position, "consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." 42 U.S.C.A. § 12111(8).

equipment or devices." 42 U.S.C. § 12111 (9)(B); *see also Buskirk v. Apollo Metals*, 307 F.3d 160, 168 (3d Cir. 2002). However, the duty to provide a reasonable accommodation is subject to limitations. The Third Circuit has held that "[a]n employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation." *Yotcheva v. City of Philadelphia Water Dept.*, 518 Fed. Appx. 116, 122 (3d Cir. 2013)(citation and internal quotations omitted).[2] Furthermore, the ADA "does not require an employer to create a new position to accommodate an employee with a disability. Nor is an employer required to transform a temporary light duty position into a permanent position" *Buskirk v. Apollo Metals*, 307 F.3d 160, 169 (3d Cir. 2002) (internal citations omitted). *Id.* In his Complaint, Plaintiff does not allege facts that would support a reassignment to light clerical work as a reasonable accommodation. Specifically, Plaintiff fails to allege whether the assignment to light clerical work was a temporary position that Plaintiff expected to become permanent, or whether there were vacancies in less strenuous positions into which Plaintiff should have been transferred. *Id.*

Moreover, Plaintiff's Complaint fails to allege that his discharge was due to his disability, as opposed to the employer's articulated "legitimate, nondiscriminatory reason." *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997). Plaintiff states that "[o]n or about December 2, 2011, [Defendant] conducted a mass layoff of employees" and that the "purported reason for the mass layoff was respondent's financial condition." (Pl. Compl. ECF No. 2 at 14). But Plaintiff does not specify facts to support his claim that the discharge was "because of [his] disability" and not the employer's financial condition. 42 U.S.C. § 12112(a). In addition,

---

[2] For example, The Third Circuit has held that providing use of an elevator to a teacher that was ordered by her doctor to not climb stairs because of herniated disks and related back problems was a reasonable accommodation under the ADA. *Solomon v. Sch. Dist. of Philadelphia*, 532 F. App'x 154 (3d Cir. 2013).

6

Plaintiff alleges that the Defendant rehired all but two of the employees discharged, but does not support the claim that the Plaintiff was not rehired "due to his disability." (Pl. Compl. ECF No. 2 at 13).[3] Accordingly, since Plaintiff has failed to allege the required elements of an ADA claim, the Court dismisses Plaintiff's claims without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is *granted*. Plaintiff may amend **on or before August 10, 2014**. Failure to amend by that date will result in dismissal of his Complaint *with prejudice*.

An appropriate Order follows.

DATED: July 9, 2014

JOSE L. LINARES
U.S. DISTRICT JUDGE

7

---

[3] In his Complaint, Plaintiff states that he was not rehired along with another discharged employee who was close to retirement. Plaintiff also alleges that his "numerous complaints regarding respondent's failure to provide reasonable accommodation for his disability" were an additional reason he was not rehired. (Pl. Compl. ECF No. 2 at 13). However, this allegation is conclusory and unsupported by specific factual allegations that would allow this Court plausibly to infer that Plaintiff's discharge was due to his disability.